J-A31022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: SUBPOENAS IN CASE OF | : | IN THE SUPERIOR COURT OF |
| MIELCARZ V. PIETZSCH, ET AL., | : | PENNSYLVANIA |
| CIVIL CASE NO. 160700066 SERVED | : | |
| BY TOYOTA MOTOR CORPORATION | : | |
| ON BUCKS COUNTY DISTRICT | : | |
| ATTORNEY'S OFFICE REQUESTING | : | |
| DISCLOSURE OF PROTECTED | : | |
| CRIMINAL INVESTIGATIVE RECORDS | : | |
| | : | No. 119 EDA 2017 |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA, BUCKS COUNTY | : | |
| DISTRICT ATTORNEY'S OFFICE | : | |
| | : | |

Appeal from the Order December 15, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  July Term, 2016   160700066

| | | |
|---|---|---|
| IN RE: SUBPOENAS IN CASE OF | : | IN THE SUPERIOR COURT OF |
| MIELCARZ V. PIETZSCH, ET AL., | : | PENNSYLVANIA |
| CIVIL CASE NO. 160700066 SERVED | : | |
| BY JULIA MIELCARZ ON BUCKS | : | |
| COUNTY DISTRICT ATTORNEY'S | : | |
| OFFICE REQUESTING DISCLOSURE | : | |
| OF PROTECTED CRIMINAL | : | |
| INVESTIGATIVE RECORDS | : | |
| | : | No. 122 EDA 2017 |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA, BUCKS COUNTY | : | |
| DISTRICT ATTORNEY'S OFFICE | : | |
| | : | |

Appeal from the Order December 15, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  July Term, 2016   160700066

J-A31022-17

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

DISSENTING SATEMENT BY PANELLA, J.  **FILED JUNE 22, 2018**

I must respectfully dissent. The Criminal History Record Information Act defines "investigative information" as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing…." 18 Pa.C.S.A. § 9102. The best practice here, based on the record before us, is to remand this matter to the trial court for it to determine whether any of the materials in issue, including the blood test results, constitute investigative information as defined in section 9102.

This was the request of the trial court:

> [T]he Court reached its ruling without examining the records at issue either in camera or under seal. Had the Court conducted such a review, the Court would now be able to write with more authority about which parts of the record should be protected or disclosed. At present, there is simply too little information on the record, and too few binding cases, to support the prior Court Order denying the Commonwealth's motions.
>
> …
>
> For the foregoing reasons, the decision of this Court should be reversed and remanded so that this Court may allow for the development of a complete factual record, review the requested records in camera or under seal, and determine which parts, if any, may be subject to disclosure.

Trial Court Opinion, dated 6/21/17, at 13.

In light of the lack of a sufficient record to make a knowledgeable decision regarding which of the requested materials from the investigative file

_____

* Former Justice specially assigned to the Superior Court.

- 2 -

should be disclosed, our Court should not make a ruling, at this stage, as to the disclosure or nondisclosure of any of the materials in issue.